[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15593
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00370-CR-J-34-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN BURLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 6, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

After accepting appellant's plea of guilty to distribution cocaine base

("crack cocaine"), in violation of 21 §§ U.S.C. 841(a)(1) and 841(b)(1)(C), the

district court sentenced him to prison for a term of 160 months. He now appeals his sentence, contending that it is substantively unreasonable because the district court did not appropriately weigh the sentencing factors of 18 U.S.C. § 3553(a) factors, giving too much weight to his criminal history and not enough to the underlying offense and his personal characteristics. He also contends that the court made a "mechanistic application" of the Sentencing Guidelines, rather than taking into account the particular circumstances of his case.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. Gall v. United States, 552 U.S. ___, ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Appellant "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record [before the sentencing court] and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Though sentences within the Guidelines sentence range are not entitled to a presumption of reasonableness, the Guidelines are considered to be "central to the sentencing process" and the imposition of a sentence within the Guidelines sentence range would ordinarily be expected to be reasonable. Id. at 787, 788.

It is clear from the record that the district court considered the § 3553(a) factors – both favorable and unfavorable from appellant's point of view – in

fashioning appellant's sentence. It is not this court's role to substitute its judgment for the district court's. See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . we will not substitute our own judgement in weighing the relevant factors.") (citations omitted). Finally, appellant's contention that the court used a "mechanistic application" of the Guidelines has no support in the record. The court specifically considered the possibility that appellant's criminal history category of VI might overrepresent his actual past behavior and potential for recidivism, but rejected it.

Appellant's sentence is

AFFIRMED.